No. 40,085

In the Matter of the Accusation for Disbarment of
ALVIN STROSNIDER

(305 P. 2d 1058)

Opinion filed January 12, 1957.

*Robert E. Hoffman,* Assistant Attorney General, and *Robert L. Morrison,* Special Counsel, of Wichita, argued the cause, and *John Anderson, Jr.,* Attorney General, was with them on the briefs for the accuser.

*Alvin Strosnider* and *Harry Gillig,* both of Wichita, argued the cause, and *Herbert K. Dodd,* of Wichita, was with them on the briefs for the accused.

The opinion of the court was delivered by

PRICE, J.: This is a disbarment proceeding.

Pursuant to a complaint made by the Board of Governors of the Wichita Bar Association and investigation of the charges therein contained, the State Board of Law Examiners, under the authority of G. S. 1949, 7-111, *et seq.,* filed an accusation against Alvin Strosnider of Wichita, a member of the bar of this state, seeking to disbar him. In due course this court appointed the Honorable Clyde Hill

of Yates Center as its commissioner to act in accordance with the powers and duties prescribed by the statutes governing such matters.

The accusation, based upon certain alleged violations of respondent's oath of office as an attorney, contained twelve counts, six of which were closely interrelated and involved matters growing out of collections for a Wichita company. The other six counts were separate and distinct. During the hearing before the commissioner the six interrelated counts were dismissed, and after a full hearing on the remaining six counts the commissioner recommended that respondent be disbarred. The matter is now before us on the commissioner's findings and recommendation.

In view of the nature of the charges and ultimate disposition being made of this case, it is considered neither advisable nor necessary to detail the evidence bearing on each of the six counts in question. That relating to two of them will, however, be discussed briefly.

Count one charges that on or about May 28, 1954, while employed as attorney for one Maxine Wayne to prepare and file a petition in bankruptcy, respondent advised and counselled her to omit from her schedule of debts a debt owed by her to respondent.

In his answer to this count respondent admits that he prepared and instituted the bankruptcy action for Maxine Wayne, and that he advised her not to list any indebtedness owed by her to him, giving as reason therefor that such indebtedness arose out of notes and chattel mortgages which were jointly executed by her and other persons on personal property owned jointly by the makers of the notes, and for the further reason that the property was partnership property.

From the evidence it is clear that no partnership, as such, existed, and that as to this particular debt, which arose out of the purchase of an automobile, the debt merely was evidenced by a note executed by cosigners and secured by chattel mortgages showing some co-ownership. It further shows that during the pendency of the bankruptcy petition respondent received from Maxine Wayne payments on the indebtedness in question. All things considered, the commissioner concluded that respondent's actions in connection with the matter constituted a violation of his oath as an attorney, warranting his disbarment.

It is clear beyond doubt that the charge contained in this count is sustained by the evidence; that respondent's actions were for the

purpose of gaining a pecuniary advantage to himself to the disadvantage of his client, and operated as a fraud upon the bankruptcy court and other creditors of his client.

Without further discussion, we concur in the findings and recommendation of the commissioner.

We now pass to count twelve.

This count charges, in substance, that respondent undertook the defense of a damage action after previously conferring with and representing the plaintiff in the same matter—in other words, he is charged with being "on both sides" of a lawsuit.

Respondent's answer to this count, while admitting most of the physical facts surrounding the matter, denies the dual relationship and the conclusions sought to be drawn therefrom by the accuser.

The facts of the matter are substantially as follow:

On October 18, 1952, one Park was injured in a collision with a car driven by one Bishop. Respondent and George E. Hasty were office associates in the practice of law on a share-the-fee basis. On November 6, Park went to their office, at which time he and Hasty entered into a contract of employment. A few days later Park returned to the law office and he and respondent discussed the facts of the case and his injuries, and Park understood that both Hasty and respondent represented him. Bishop later came to the law office and discussed the matter with respondent. About November 15, Hasty terminated his employment by Park on the ground that his investigation did not bear out Park's version of the collision. Later the respondent went with Bishop to see Park and made inquiry as to the amount for which Park would be willing to settle his claim. A settlement was not concluded. On November 18, Park contacted a Coffeyville attorney about representing him in the matter. That attorney quite properly wrote to Hasty requesting "a clearance" from Hasty before proceeding further in Park's behalf. On December 1, respondent himself replied to this letter from the Coffeyville attorney, and after acknowledging that "we did represent Mr. Park," went on to say that "as we no longer have any interest in it" he, the Coffeyville attorney, could feel free to take the case.

Subsequently the Coffeyville attorney filed suit in Park's behalf against Bishop in the district court of Sedgwick County, and Bishop employed respondent to defend him in the case. Respondent, representing Bishop, filed a motion in the case to require the peti-

tion to be made more definite and certain, and to strike. The matter of the "dual representation" came to a head when the Coffeyville attorney representing Park filed a motion to strike from the files the motion filed by respondent in behalf of Bishop. Following a hearing thereon, the court concluded that respondent should withdraw as counsel for Bishop, and he did so. Bishop secured other counsel and the case was subsequently disposed of with no further participation therein by respondent.

From the foregoing it is clear that under the circumstances respondent could not in good conscience and ethics represent Bishop. (See *State v. Leigh,* 178 Kan. 549, 289 P. 2d 774, on the general subject matter.) The principle involved is elementary. We concur in the findings and recommendation of the commissioner.

We mention briefly the nature of the four remaining counts of the accusation.

Count two charges that respondent filed seven cases before the United States Referee in Bankruptcy for the District of Kansas at a time when he was not admitted to practice before the Federal Court for the District of Kansas.

Count three charges respondent with making false and fraudulent statements concerning his legal education background in his formal application for admission to the bar of this state.

Count five charges respondent with certain acts and manipulations in the conduct of an attachment suit, the result of which was that he purchased an interest in the subject matter of the litigation, contrary to No. 10 of the Canons of Professional Ethics (164 Kan. XIII).

Count six charges respondent with failure to account to a client for monies collected by him for such client.

As heretofore stated, the commissioner, after a full hearing on each of the foregoing six counts, found respondent to be guilty of misconduct as an attorney, that he is disqualified to practice law in this state, and recommended that he be disbarred.

Other than what has been said with respect to the facts of counts one and twelve, we are not disposed to detail the lengthy record before us consisting of the transcript of testimony before the commissioner, numerous exhibits, and the abstracts and briefs filed in this court. The record has been read, and careful consideration has been given to the defenses and contentions made by respondent, most of which, we feel compelled to say, are in the nature of "confession and avoidance."

And neither do we consider it necessary to write a treatise on the subject of professional ethics and grounds for disbarment in this state. Those matters are, or should be, well known to every member of the profession. We know of no better guidepost or authority on the subject than the wording of the oath (G. S. 1949, 7-122 [No. 41]) required of every applicant for admission to the bar, and the Canons of Professional Ethics found at 164 Kan. XI.

Consideration of this record leaves no doubt but that the findings and recommendation of the commissioner should be adopted by this court, and that respondent be disbarred. It is so ordered.

FATZER and HALL, JJ., not participating.